IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 NOV 30 A 9: 33
CLERK J Burton
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Information No. CR117 076 |
| V. | ) | |
| | ) | 18 U.S.C. § 666(a)(1)(A) |
| | ) | Federal Program Theft |
| | ) | |
| VICKY VINSON CAPETILLO | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | ) | Money Laundering |
| | ) | |

COUNT ONE
Federal Program Theft

**THE UNITED STATES ATTORNEY CHARGES**:

That between January 2011 and April 2016, in the Southern District of Georgia, the defendant,

**VICKY VINSON CAPETILLO**

being an agent of a local government, that is a "City Clerk" for the City of Grovetown, Georgia, which received in a one year period beginning August 12, 2014, benefits in excess of $10,000 from the Federal Emergency Management Agency (FEMA), an agency of the United States Department of Homeland Security, did embezzle, steal, and obtain by fraud, funds in an amount of at least $5,000 and under the care, custody, and control of the City of Grovetown, in violation of 18 U.S.C. § 666(a)(1)(A).

1

## COUNT TWO
## Money Laundering

**THE UNITED STATES ATTORNEY FURTHER CHARGES**:

That between, August 12, 2014 and August 12, 2015, in the Southern District of Georgia, the defendant,

### VICKY VINSON CAPETILLO

did knowingly conduct and attempt to conduct financial transactions, those are:

- the deposit of check # 517909, payable to S.W., drawn on the City of Grovetown's Regions Bank Account # xxxxx1375, in the amount of $1500.00, into the defendant's Regions Bank Account # xxxxxx3864;

- the deposit of check # 7028, payable to K.W., drawn on a Bank of America Account # xxxxx9348 of R.H.W., in the amount of $1000.00, into the defendant's Queensborough National Bank Account # xxx1881;

- A deposit of check # 1976, payable to the defendant, drawn on Georgia's Own Credit Union Account # xxx3198 of J.W. and S.W., in the amount of $5000.00;

which involved the use of a financial institution that was engaged in, or the activities of which affected, interstate commerce, and which involved the proceeds of a specified unlawful activity, that is, Theft of Funds from a Federal Program, in violation of Title 18, United States Code, Section 666(a)(1)(A), knowing that each transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct the financial

transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION

The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

Upon conviction of Count One of this Information charging a violation of Title 18, United States Code, Section 666(a)(1)(A), the defendant, VICKY VINSON CAPETILLO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

Upon conviction of Count Two of this Information charging a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), the defendant, VICKY VINSON CAPETILLO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

If any property subject to forfeiture as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

_____
Bobby L. Christine
United States Attorney

_____
Patricia G. Rhodes*
Branch Office Chief
Deputy Chief, Criminal Section
Georgia Bar No. 426624
*Lead Counsel

# VERDICT

We, the jury find the defendant, _____

this _____ day of _____, 2017.

_____
Foreman

# PLEA

The defendant, _____, waives arraignment and pleads _____

In open Court, this _____ day of _____, 2017.

_____
Counsel for Defendant

_____
Defendant

---

No. CR

United States District Court
Southern District of Georgia

_____ Division

UNITED STATES
vs.
VICKY VINSON CAPETILLO

INFORMATION
FOR

18 U.S.C. § 666(a)(1)(A) Federal Program Theft
18 U.S.C. §1956 (a)(1)(B)(i) Money Laundering

Filed in open Court this _____ day
of _____, 2017.

_____
Deputy Clerk

BOBBY L. CHRISTINE
United States Attorney

USA-40-21-3

---

# PLEA

The defendant(s) _____

_____

being fully informed and advised by the Court of the charge against him (them), and of his (their) legal right to the assistance of counsel, and that counsel would be appointed by the Court if desired, hereby waives arraignment and benefit of counsel, and pleads

_____

In open Court this _____ day of _____, 2017.

_____
_____
_____

Witness:

_____
*Clerk, United States Courts*